A91A0624. LAWLESS v. SASNETT et al.
(408 SE2d 432)

BANKE, Presiding Judge.

The appellant brought this action against the appellees to recover for personal injuries she allegedly sustained as the result of a fall which occurred on the appellees' property. She brings this appeal from the grant of the appellees' motion for summary judgment.

The appellees own and operate several fruit orchards collectively known as S & S Farms. At certain times during the year, the public is permitted access to the property to pick fruit from the trees for purchase. Accompanied by her mother, the appellant visited the appellees' property for this purpose and was directed to a certain area to pick nectarines. After driving to the location in question, she parked her car and began picking fruit with her mother. As she was walking between the rows of trees, her left leg went into a hole up to the height of her knee, causing her to fall and to sustain multiple fractures to her right ankle. The two women testified on deposition that the area in question was covered with grass which had grown to a height of approximately one foot, obscuring the ground beneath it. The appellant testified that she failed to see the hole even though she was looking down toward the ground out of concern that snakes might be present in the high grass. While the appellant could not state the circumference of the hole, she testified that it was wide enough to enable her "whole foot [to go] in it straight."

Appellee Richard Sasnett acknowledged that he had been present at the grove at the time of the incident and had directed the appellant to the area where the accident occurred. While he could not remember the last time the grass had been cut in this area prior to the accident, he stated that it was normally done once every ten days to two weeks, on an "as needed" basis. In addition, he stated that paraquat was sprayed every three to four weeks to kill the grass in the areas immediately surrounding the trees where the mower did not reach and that during such spraying his employees would look for holes in the ground. He further testified that he was never able to locate the hole into which the appellant allegedly stepped. *Held:*

The appellant clearly occupied the status of an invitee upon the

appellees' premises. See generally *N. L. Indus. v. Madison*, 176 Ga. App. 451 (336 SE2d 574) (1985). "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. "An occupier of premises is under a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises. Prosser, Law of Torts (4th ed.) 393, § 61. An invitee enters upon the premises under an implied representation, or assurance, that the land has been prepared and made ready and safe for his reception. The invitee is entitled to expect the possessor will exercise reasonable care to make the land safe for his entry. 2 Restatement of Torts 216, § 343." *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294 (322 SE2d 737) (1984).

As the appellees in this case deny that they had actual knowledge of the existence of the hole, and as the appellant is unable to controvert their testimony on this point, in order to recover she must prove that they had constructive knowledge of its existence, i.e., that their failure to discover it resulted from a failure to exercise reasonable care in inspecting the premises. See generally *Boss v. Food Giant*, 193 Ga. App. 434, 436 (388 SE2d 37) (1989). The burden was of course on the appellees, as movants on summary judgment, to negate this theory of liability by presenting evidence that they had in fact exercised reasonable care in inspecting the premises and keeping them safe. We must conclude under the circumstances of this case that the appellees failed to meet this burden. From the appellant's testimony concerning the size of the hole, a jury would be authorized to infer both that it had been in existence for a substantial period of time and that it was large enough to have been observable during routine mowing and maintenance. Based on the appellant's testimony that the grass was a foot high at the location in question, a jury might further conclude that the grass needed to be mowed more often than once every ten days to two weeks to prevent it from obscuring such potential hazards. "[W]here an obstruction is in some way hidden, camouflaged or intrinsically unsafe, the question of ordinary care should be one for the jury." *Forde v. C & S Ga. Corp.*, 178 Ga. App. 400, 403 (343 SE2d 164) (1986). See also *Begin v. Ga. Championship Wrestling*, supra, 172 Ga. App. at 295. For these reasons, we hold that the trial court erred in granting the appellees' motion for summary judgment.

*Judgment reversed. Carley and Beasley, JJ., concur.*

Decided June 19, 1991 —
Reconsideration denied July 10, 1991 — 

*Westmoreland, Patterson & Moseley, Daryl L. Morton, Thomas H. Hinson II*, for appellant.
*Chambless, Higdon & Carson, Mary M. Katz*, for appellees.