## A93A1805. SOUDER v. ATLANTA FAMILY RESTAURANTS, INC.
### (435 SE2d 764)

BLACKBURN, Judge.

Appellant, Nettie Souder, an elderly, but non-handicapped individual, brought suit against appellee, Atlanta Family Restaurants, Inc., d/b/a Shoney's (Shoney's), to recover damages for injuries she incurred when she slipped and fell on a ramp used for handicap access from the sidewalk in front of Shoney's to its parking lot. Souder appeals the trial court's award of summary judgment to Shoney's.

On February 7, 1990, Souder, her sister, and niece traveled to Shoney's for lunch. They parked in a space near the handicap parking spaces and walked on the handicap ramp to the sidewalk on the side closest to the restaurant. The evidence indicated that the ramp was four feet wide. Upon leaving the restaurant, Souder slipped and fell when she stepped on the handicap ramp. She deposed she was making a conscious effort to step down off the flat part of the sidewalk onto the sloped edge when she fell. Souder deposed that she slipped

on the portion of the ramp that was closest to the parking lot, which was steeper than the side she had used on her way into the restaurant. She testified in her deposition that the ramp was painted white or yellow. It was daylight and the pavement was dry when Souder fell. Souder admitted that she had been to Shoney's "once or twice every two or three weeks" for several years and that she had seen the ramp "lots of times; but" did not think it was dangerous until she fell. Souder further testified that she usually parked in the handicap parking space.

1. On appeal, Souder asserts that the trial court erred in finding that she had knowledge of the defective condition of the sidewalk equal to Shoney's. We disagree. "Proof of a fall, without more, does not give rise to liability on the part of a proprietor. There must be proof of fault on the part of the owner *and* ignorance of the danger on the part of the invitee. Assuming the ramp was defective, it was a static condition. It is uncontroverted that upon entering the restaurant appellant had crossed the same area in which she fell while leaving. Thus, appellant cannot show appellee's superior knowledge, which is necessary in order for her to recover. When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." (Citations and punctuation omitted.) (Emphasis supplied.) *Harpe v. Shoney's, Inc.*, 203 Ga. App. 592, 593 (417 SE2d 184) (1992).

2. In her second enumeration of error, Souder asserts that the trial court erred in failing to find that Shoney's violations of the Georgia Handicap Code, with regard to the construction of the handicap ramp, created liability. Souder argues that such a violation establishes negligence per se. Souder presented the affidavit of William Smith, an expert in handicap construction code requirements, who averred that the ramp "was in flagrant violation of the applicable [American National Standards Institute] Standards and was very unsafe for pedestrian traffic." Smith also stated that the applicable building code required compliance with those standards.

However, we have previously held that even in cases where actionable negligence is established, "an invitee must exercise ordinary care for her own safety, and must by the same degree of care avoid the effect of the owner's negligence after it becomes apparent to her *or in the exercise of ordinary care she should have learned of it. . . .*" (Citations and punctuation omitted.) *Taylor v. McDonald*, 183 Ga. App. 320, 321 (359 SE2d 1) (1987).

In the present case, nothing prevented Souder from appreciating the uneven slope of the ramp. Souder deposed that no obstructions impaired her view. She further "deposed that the lighting was adequate, the weather was clear, and there were no factors distracting

her from exercising due care for her own safety, even when construed most favorably to appellant, the evidence demonstrates that whatever knowledge appellee may have had, it obviously was *not* superior to that of appellant." (Citations and punctuation omitted.) *Dunn v. Gourmet of Macon*, 207 Ga. App. 826, 828 (429 SE2d 282) (1993). Therefore, summary judgment was appropriately granted to Shoney's.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 16, 1993.

*Robert H. McDonnell*, for appellant.

*Sullivan, Hall, Booth & Smith, John E. Hall, Jr., David G. Goodchild, Jr.*, for appellee.