A95A0781. MARTIN v. DUNWOODY-SHALLOWFORD
PARTNERS, L. P.
(458 SE2d 388)

SMITH, Judge.

James Martin appeals from the grant of summary judgment to appellee Dunwoody-Shallowford Partners, L. P., in this slip and fall case.

For the purposes of this appeal, we give Martin the benefit of every reasonable doubt in determining whether a triable issue of material fact remains. See, e.g., *Green v. Johnston Realty*, 212 Ga. App.

656, 657-658 (1) (442 SE2d 843) (1994). Under this standard, we assume the following facts to be true.

Martin maintained an office on appellee's premises provided by one of appellee's tenants in exchange for Martin's consulting services. Prior to Martin's fall he had pulled into appellee's parking lot, exited his car, and walked approximately two steps toward the curb before stepping up onto the landscaped yard in front of 15 Dunwoody Park. Martin avers that as he walked inside, he did not see any ice on the yard or sidewalk.

Within a minute or so, Martin returned to his car, approaching it from the rear. He asserts that as he walked back to his car, he was watching where he was going but did not see any ice in the parking lot. Martin fell and was injured. He claims that he fell because a transparent sheet of ice he did not see covered the path he took to his car, that appellee's sprinkler system provided the water creating the hazard, and that appellee was made aware that its sprinklers were creating such a hazard prior to the date of Martin's fall.

1. As a preliminary matter, Martin contends appellee owed him a duty greater than that owed mere licensees to avoid causing "willful and wanton injury." OCGA § 51-3-2. We agree. As the business invitee of one of appellee's tenants, appellee owed Martin the duty of not exposing him " 'to a dangerous and deceptive situation amounting to a hidden peril.' [Cit.]" *Paul v. Sharpe*, 181 Ga. App. 443, 444-445 (1) (352 SE2d 626) (1987). We therefore need not consider whether the invitee-licensee distinction urged by appellee is even relevant given the nature of the hazard and the manner in which appellee allegedly created that hazard. In this regard, see *Lipham v. Federated Dept. Stores*, 263 Ga. 865, 866 (440 SE2d 193) (1994) (invitee-licensee distinction essentially irrelevant where conduct alleged concerns affirmative acts of negligence attributable to the landowner as opposed to mere nonfeasance of the type addressed in OCGA § 51-3-1).

2. "In order to prevail on a motion for summary judgment . . . a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence." (Citations and punctuation omitted.) *Collier v. Evans*, 199 Ga. App. 763, 766 (5) (406 SE2d 90) (1991). Martin essentially contends appellee has failed to make a prima facie showing that it is entitled to summary judgment as a matter of law. We agree and reverse.

(a) Appellee suggests Martin's action must fail merely because he admits he never saw the ice he claims caused his fall. A witness confirmed, however, that ice had indeed formed in the location where he fell that morning, and appellee has failed to rebut Martin's contention with evidence demonstrating there was no ice present at the time of Martin's fall. The fact that Martin cannot personally confirm that

he slipped on ice by no means constitutes conclusive evidence precluding that possibility, especially in light of other evidence presented on the issue. At the very least, a jury question remains on this issue.

(b) Appellee also attempts to rely on the rule that " '[w]hen a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom.' [Cit.]" *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291, 292 (1) (435 SE2d 764) (1993). In cases where this rule has been applied, however, the defect causing the fall invariably has been a static condition readily discernible to a person exercising reasonable care for his own safety, a factual circumstance not necessarily present in this case.

Martin alleges he slipped on an invisible sheet of ice of which he never became aware. We cannot say as a matter of law that Martin must have known the ice existed merely because he first exited the vehicle and took two steps toward the sidewalk. It was not Martin's burden to present evidence showing that the hazardous condition complained of was so severe that it would *invariably* cause imbalance or injury to a person traversing it while ignorant of its existence. Martin also points out that he took a different path in returning to his vehicle, a factor a jury could reasonably take into consideration.

Appellee makes much of the fact that Martin returned to his vehicle within a minute of arriving. It does not necessarily follow, though, that the condition of any ice near Martin's vehicle could not possibly have become even more hazardous during the brief time Martin was inside the premises.

In short, we agree with Martin that under the totality of the circumstances, appellee is not entitled to summary judgment merely because Martin slipped and fell only after returning to his vehicle.

(c) Finally, we agree with Martin that he has presented a legitimate basis for asserting that appellee had constructive knowledge of the hazard. The company in charge of building maintenance was notified both on December 13 and December 16, 1991, that the sprinkler system was causing "black ice" to form in the freezing weather. According to the affidavit of Anita Farrell, who at the time of the accident was employed by the same tenant with whom Martin dealt, the sprinkler system was again activated the morning of Martin's fall, December 17, 1991, and ice again formed. Assuming this is true, and assuming the sprinklers were indeed the source of the "black ice" on which Martin fell, appellee had constructive knowledge of a serious hazard that would continue to be created so long as its sprinklers continued to operate in freezing temperatures.

Since appellee has failed to state a prima facie case entitling it to judgment, the decision of the trial court must be reversed.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JUNE 8, 1995.

*Fitzgerald & Schultz, Andrew H. Schultz, Anne E. Barnes*, for appellant.

*Thomas, Kennedy, Sampson & Patterson, Robert D. Ware*, for appellee.