## A97A0065. JET FOOD STORES, INC. v. KICKLIGHTER.
### (487 SE2d 120)

Judge Harold R. Banke.

Jet Food Stores, Inc. ("Jet") appeals the judgment entered on a jury verdict in favor of Barbara Kicklighter in her negligence action. In three enumerations, Jet challenges the denial of its motions for directed verdict.

On appellate review, in the absence of a material legal error, a jury's verdict and the judgment entered thereon will not be disturbed if there is any evidence to support the verdict. *Professional Consulting Svcs. &c. v. Ibrahim*, 206 Ga. App. 663, 665 (1) (426 SE2d 376) (1992). Viewed in that light, the evidence showed the following. When Kicklighter entered Jet's store, she took several steps before falling on an entrance floor mat and sustaining a severely fractured leg.[1] Kicklighter testified that as she started to move to her left the mat turned under her foot. According to her testimony, when she turned the mat twisted with her or pulled up. Neither Anita Taylor nor Steve Aldrich, the only employees present in the store, witnessed Kicklighter's fall. Both Taylor and Aldrich testified that they knew about prior problems with the floor mats. These flat, carpeted rubber-bottomed floor mats were subject to periodic folding, bunching, rolling, and shifting. Taylor testified that the mats "fairly frequently" required straightening. Aldrich testified that the mats periodically moved under foot traffic, occasionally rolling up, and that part of his job was to straighten them. *Held*:

1. Jet contends that the trial court erred in denying its motion for directed verdict because there was no evidence that it was negligent on the day Kicklighter fell. A directed verdict is proper only where there is no conflict in the evidence as to any material issue and

---

[1] After surgery, Kicklighter spent 12 days in the hospital. Her recovery necessitated extensive physical therapy, the use of a walker for two years and later a cane.

the evidence introduced with all reasonable inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a); *Metromedia Steakhouses Co., L.P. v. Ray*, 219 Ga. App. 716, 717 (2) (466 SE2d 618) (1995). On appeal, the standard of review of a trial court's denial of a motion for directed verdict is the "any evidence" standard. *F.A.F. Motor Cars v. Childers*, 181 Ga. App. 821 (1) (354 SE2d 6) (1987).

Generally, the owner or occupier of premises is under a duty to discover and either keep the premises safe from or warn of hidden dangers or defects not observable to invitees who are exercising ordinary care. *Newell v. Great A & P Tea Co.*, 222 Ga. App. 884 (1) (476 SE2d 631) (1996); OCGA § 51-3-1. The principle of equal or superior knowledge applies to static defective or dangerous conditions on property. *Newell*, 222 Ga. App. at 885 (2). Thus, to establish negligence, Kicklighter had to show (1) that Jet had actual or constructive knowledge of the hazard, and (2) that she was without knowledge of the hazard or for some reason attributable to the defendant was prevented from discovering it. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

The testimony of Jet's two employees establishes Jet's constructive knowledge of the dangerous propensity of the floor mats to move or slip without warning, thereby satisfying the any evidence standard. *Horan v. Pirkle*, 197 Ga. App. 151, 153 (2) (397 SE2d 734) (1990). Kicklighter's uncontroverted testimony that she had no knowledge of the hidden danger satisfies the second prong of *Ligon*, supra.

Notwithstanding Jet's claim to the contrary, the testimony of Ruth Conner, its store manager, that she inspected and straightened the floor mats about 15 minutes earlier does not demand a different result. See *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 295 (322 SE2d 737) (1984). Where an obstruction or a danger is in some way hidden, camouflaged or intrinsically unsafe, the issue of ordinary care in inspecting the premises should be left to the jury. *Newell*, 222 Ga. App. at 887. See *Lawless v. Sasnett*, 200 Ga. App. 398, 399 (408 SE2d 432) (1991). The fact that the mats needed to be straightened and monitored demonstrates that they did, in fact, move or shift as Kicklighter averred. For this reason, the evidence in the record does not require a finding as a matter of law that no actionable negligence occurred. *Russell v. Goza*, 143 Ga. App. 455, 456 (1) (238 SE2d 583) (1977).

2. Jet contends that the trial court erred in denying its motion for directed verdict because it satisfied the applicable standard of care by providing a mat that met industry standards. Although Jet asserts in its brief that the "floor mat . . . was commonly accepted and standard in the floor mat industry," Jet failed to cite to the record showing where evidence of industry standards or customs was

presented. In fact, no expert testimony was offered by either side.

The testimony of Gilbert Sloan, a route supervisor and former deliveryman for Aramark, Inc., the company which supplied the floor mats to Jet, that these mats were normally and customarily supplied to all of Aramark's customers, without more, did not establish an industry standard for floor mats used at convenience store entrances. Sloan, who was not tendered as an expert, did not even testify as to how many other customers of Aramark used these mats and whether or not Aramark's customers experienced problems with them. Compare *Cole v. Cracker Barrel*, 210 Ga. App. 488, 489-490 (436 SE2d 704) (1993) (wooden floor having no hidden or apparent defect and made of material commonly accepted in building industry was evidence that defendant met applicable standard of care).

3. Jet claims that the trial court erred in denying its motion for directed verdict because even assuming the existence of a defective condition, such condition was open and obvious and Kicklighter accordingly failed to exercise ordinary care for her own safety. We disagree. Questions of negligence, contributory negligence, diligence, the exercise of ordinary care, and proximate cause are solely for the jury except in plain and indisputable cases. *Pique v. Lee*, 218 Ga. App. 357, 358 (461 SE2d 302) (1995); *Kroger Co. v. Green*, 190 Ga. App. 318 (1) (378 SE2d 905) (1989). This is not such a case.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED MAY 28, 1997.
Before Judge Hartley.
*Fulcher, Hagler, Reed, Hanks & Harper, David P. Dekle, Shivers, Johnson & Wilson, Eleanor L. Martel*, for appellant.
*Callaway, Neville & Brinson, William E. Callaway, Jr., William J. Neville, Jr., Lovett Bennett, Jr.*, for appellee.