A97A1452. FERGUSON v. SCADRON.
(489 SE2d 873)

Judge Harold R. Banke.

In this premises liability case, Fred Scadron sued T. C. Ferguson d/b/a Georgia Hobby Center ("Hobby Center") for personal injuries he suffered after falling through an opening in scaffolding. The jury awarded Scadron $25,000. Hobby Center appeals the denial of its motion for directed verdict, enumerating one error.

Scadron sustained the injuries at issue while participating in a radio-controlled miniature car race the Hobby Center sponsored on its premises, the Second Annual Southeast Gas Off-Road Championships. Hobby Center held its races on an oval dirt track. Contestants stood around the track or on two scaffolds standing approximately five feet off the ground next to the track. One of the scaffolds was a permanent wood structure used during Hobby Center's weekly races. But Hobby Center rented the second, on which the injury at issue occurred, to accommodate the crowd of participants attending the Championships. The second scaffolding was metal and stood adjacent to the permanent structure. Hobby Center removed a plank from the rear of the metal scaffolding so participants could climb up from the back, rather than walking the length of the wood scaffolding to reach the metal structure. This left an opening seven feet long and sixteen inches wide at the rear of the platform on the metal scaffolding. It is

undisputed that Hobby Center provided no warnings around this opening.

The Championships were Scadron's first trip to Hobby Center and his first competition with a gas-powered car. After his arrival at the track, Scadron started his car and walked up a ramp onto the crowded wooden scaffolding, immersed in preventing his car from stalling out or injuring anyone. As he made his way through the crowd, which he likened to a corral of cows, he faced the track and stayed close to the railing on the front of the scaffolding to avoid losing eye contact with his car. Because the area was crowded, he walked down the stands to the end of the metal scaffolding. After his race ended, he concentrated on expeditiously moving his car from the track to avoid interference with his radio signals by other participants. In so doing, he took a step backward and fell through the opening where the plank had been removed. *Held*:

Unless no conflicts in the evidence as to any material issue exist and the evidence admitted, with all reasonable deductions therefrom, demands a certain verdict, a directed verdict is inappropriate. *Fouts v. Builders Transport*, 222 Ga. App. 568, 577 (9) (474 SE2d 746) (1996). In deciding whether a conflict exists, the evidence must be construed in the light most favorable to the nonmovant. *Southern R. Co. v. Lawson*, 256 Ga. 798, 799-800 (1) (a) (353 SE2d 491) (1987).

To preclude a directed verdict, Scadron had to present evidence that: (1) Hobby Center had actual or constructive knowledge of the hazard, and (2) he lacked knowledge of, or Hobby Center prevented him from discovering, the opening. *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981). The basis for a property owner's liability to an invitee is a superior knowledge of the allegedly hazardous condition. Id. Property owners are under a duty to take reasonable precautions to protect invitees from dangers which are foreseeable from the arrangement and use of the premises. *Lawless v. Sasnett*, 200 Ga. App. 398, 399 (408 SE2d 432) (1991). Invitees are entitled to expect that property owners will exercise reasonable care to make the premises safe. Id. Questions of ordinary care are generally left to the jury unless the plaintiff's knowledge of the risk is clear and palpable. Id.; *Sumner v. Ideal Steel Products*, 222 Ga. App. 681, 683 (475 SE2d 708) (1996).

Although Scadron admitted that he was not looking behind him at the time he fell, he offered a specific reason for not doing so. See *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994). When he fell just after the race, Scadron was focused on getting his car safely and expeditiously off the track before the next heat began because he believed the cars created a hazard due to the volatility of their fuel and their potential for flying out of control and hitting spectators. Scadron also explained why he failed to see the opening as he

mounted the scaffolding: it was crowded just prior to the race, and as he mounted the platform, he walked sideways, without taking his eyes off his car, working the trigger to his radio controls to bring it up to temperature and assure that it did not stall out. This testimony was sufficient to create a jury question. Id. at 225 (under some circumstances the exercise of reasonable care demands a focus away from the floor). In light of Scadron's testimony about the crowd on the scaffolding and his unfamiliarity with the venue and the type of car and the facts that Hobby Center sponsored the race, procured the metal scaffolding to accommodate the expected crowd of participants, and knew or should have known that the participants would focus their attention on the competition five feet below, we cannot say as a matter of law that the opening was so obvious that Scadron's failure to see it constituted a lack of reasonable care. *Lawless*, 200 Ga. App. at 399.

*Anderson v. Dunwoody North Driving Club*, 176 Ga. App. 210 (335 SE2d 451) (1985) is distinguishable. First, there is no evidence that Scadron "took advantage of the opportunity to review the area where . . . the [opening] was situated for any possible hazards." Id. at 211. As noted, whether he exercised reasonable care in focusing on his car while mounting the scaffolding rather than the area behind him was a question properly left to the jury. The fact that Hobby Center fully anticipated the bustling throng of participants in the area of the alleged hazard and set up the extra scaffolding to accommodate it also distinguishes *Anderson*. Under these circumstances, we cannot say the trial court erred in denying Hobby Center's motion for directed verdict.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JULY 25, 1997.

*Bach & Hulsey, Robert J. Hulsey*, for appellant.
*Albert A. Mitchell*, for appellee.

