A97A1637. ECHOLS v. WHISKER'S FOOD & SPIRITS, INC.

(493 SE2d 722)

SMITH, Judge.

Helen Echols brought this action against Whisker's Food & Spirits, a restaurant, after she fell down a step. She alleged that the step was not observable to her because the restaurant was poorly lit, the carpet covering the step was dark, and no warning signs were posted that a step down was approaching. The trial court granted summary judgment to Whisker's. Because the record shows that Whisker's did not have knowledge of a dangerous condition superior to that of Echols, we affirm.

Construed in Echols's favor, evidence was presented on motion for summary judgment that Echols and her two daughters entered Whisker's during the afternoon of March 12, 1995. They ordered lunch, and Echols drank about a half-glass of beer. It is undisputed that all three women successfully negotiated a step up to reach their table.[1] When they began to leave the restaurant about an hour later, they went down the same step they had previously climbed, and Echols fell, injuring herself.

To avoid summary judgment, it was incumbent upon Echols to show that Whisker's had superior knowledge of the alleged defect. *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291, 292 (1) (435 SE2d 764) (1993). She failed to do this. Notwithstanding Echols's claim that she could not see the step because of poor lighting and dark carpeting, it is uncontroverted that in walking to her table, Echols successfully negotiated the same step that she attempted to descend when walking from her table an hour later. She therefore cannot show superior knowledge on the part of Whisker's. "When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cit.]" Id. See also *Williams v. Sing Bros.*, 226 Ga. App. 657 (487 SE2d 445) (1997); *McCrary v. Bruno's, Inc.*, 219 Ga. App. 206, 209 (464 SE2d 645) (1995); *Steinberger v. Barwick Pharmacy*, 213 Ga.

---

[1] Although Echols testified during her deposition that she did not recall ascending the step as she walked to her table, she acknowledged "from a logical standpoint" that if she fell down a step, she must have ascended it at some time. In addition and more importantly, the testimony of at least one of her daughters shows that all three women walked up the same step which they descended about an hour later.

App. 122 (444 SE2d 341) (1994).

We recognize that in some cases we have held summary judgment to the proprietor to be inappropriate, even when the plaintiff may have recently traversed the area where he or she fell. For example, in *Newell v. Great A & P Tea Co.*, 222 Ga. App. 884 (476 SE2d 631) (1996), just moments before her fall plaintiff traversed the same torn mat that allegedly caused that fall, and we reversed summary judgment to defendant. Noting that the defect was a "static" one, we reversed on the ground that the defect was not readily discernible. Testimony was presented that the tear in the mat was observable only on "close inspection." Id. at 885. It is true that one of Echols's daughters testified that the restaurant was dark and "dingy" and that "unless you are bent over looking at it, you could miss that step in a heartbeat."

But here, the defect was a step. It was not an alleged hazardous condition of which an individual might not necessarily have been aware, such as a small tear in a mat, as in *Newell*, or an invisible sheet of "black ice," as in *Martin v. Dunwoody-Shallowford Partners*, 217 Ga. App. 559, 561 (2) (b) (458 SE2d 388) (1995). In *Martin*, plaintiff claimed he was not aware of the presence of the sheet of ice on which he slipped. Defendant argued that he could not recover because he had successfully negotiated the ice after leaving his car. Id. at 561. We stated that it was not plaintiff's "burden to present evidence showing that the hazardous condition . . . was so severe that it would *invariably* cause imbalance or injury to a person traversing it while ignorant of its existence." (Emphasis in original.) Id. We also pointed out that plaintiff took a different route to his vehicle from the path he had previously taken. Id. Here, unlike the plaintiff in *Martin*, Echols traveled the same path to and from her destination. And to reach her table, Echols could not have been ignorant of the step's existence but was inevitably required to negotiate it. This evidence speaks of the "readily discernible" nature of the step. This case is therefore distinguished from cases such as *Newell* and *Martin*, and Echols cannot recover.

We note testimony by Echols and her daughters that a Whisker's customer told them he had seen several people fall in the same manner that Echols fell. This hearsay testimony does not show knowledge on the part of Whisker's of any such falls, nor does it negate the fact that Echols successfully traversed the step only about an hour before she fell. Summary judgment in favor of Whiskers was therefore appropriate.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Beasley, J., concurs in the judgment only.*

DECIDED NOVEMBER 6, 1997.

*Macklyn A. Smith*, for appellant.
*Bovis, Kyle & Burch, Stuart S. Busby*, for appellee.