## A98A0106. ANDERSON et al. v. REYNOLDS.
(502 SE2d 782)

RUFFIN, Judge.

Alyenne Ainsworth Reynolds sued William Aaron Anderson and Allegra R. Anderson after she slipped and fell while attending to plants and flowers at the Andersons' residence while they were on vacation. Reynolds alleged that while she attempted to remove a soaker hose from the water spigot, as the Andersons instructed, she stepped on some rocks or bricks, lost her footing and fell to the ground. After discovery, the trial court denied the Andersons' motion for summary judgment. We granted the Andersons' application for interlocutory appeal from the trial court's order denying their motion for summary judgment. For reasons which follow, we reverse.

"It is well established that on an appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. [Cit.]" *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

Viewed in the light most favorable to Reynolds, as the nonmovant, the evidence shows that the Andersons asked Reynolds, their next-door neighbor, to maintain and care for their plants while they were on vacation. Prior to leaving home, the Andersons positioned several potted houseplants on top of some rocks at the rear of their home and instructed Reynolds how to water them. The plants' foliage

covered the rocks on which the plants were placed.

Reynolds wore rubber sole shoes as she stood on the rocks in order to reach over the potted plants and disconnect a soaker hose. Reynolds disconnected the soaker hose and then connected the nozzle of another hose before she turned on the water and watered the potted plants. After Reynolds watered the potted plants, she walked around the house and watered some other plants and flowers and then returned to the water spigot to disconnect the hose she used to water the plants and reconnect the soaker hose. Reynolds watered the plants in this same manner two days prior to the date of the incident. On the second occasion of caring for the plants she lost her footing and fell. Reynolds testified at deposition that as she stood up and turned around, her feet came out from under her and she fell.

The record shows that Reynolds is uncertain about what actually caused her fall. Reynolds testified that the slippery and wet condition of the rocks may have contributed to the incident. Reynolds also testified that she felt the rocks move when she fell. Reynolds was certain only of the fact that her "feet went out" from under her and she fell. Reynolds injured her hip as a result of her fall.

In support of the motion for summary judgment, the Andersons relied on Reynolds' deposition testimony. The testimony showed that Reynolds successfully negotiated the alleged hazardous area where the plants and water spigot were located on two days prior to the slip and fall, as well as once on the date of the incident. The evidence also established that she knew the rocks that she stood upon were wet because she had just watered the plants. The Andersons argued that there was no evidence that they knew or should have known of the alleged hazardous or slippery condition of the rocks where Reynolds fell because they were on vacation when the incident occurred. Under these circumstances, we agree.

Because Reynolds entered the Andersons' residential property by express invitation for the purpose of caring for their plants and shrubs, she occupied the status of an invitee. Thus, the Andersons, as the homeowners, had the duty to exercise ordinary care to keep the premises and approaches safe. OCGA § 51-3-1. "[T]he true ground of liability is the owner's superior knowledge of the peril and the danger therefrom. [Cit.]" *Clemmons v. Griffin*, 230 Ga. App. 721, 722 (498 SE2d 99) (1998). "[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

"The proprietor has the duty to take reasonable precautions to

make its premises safe, but the invitee also has a duty to exercise ordinary care for his own safety, so, where the proprietor fails to exercise reasonable care to make the premises safe, nevertheless if the invitee by exercising ordinary care could have discovered and avoided the dangerous condition, his knowledge of the danger is deemed equal to the proprietor's knowledge. The determining factor in most cases is, therefore, whether in the exercise of ordinary care the plaintiff could have discovered a dangerous condition, including one created by the proprietor. [Cit.]" *Stephens v. Ernie's Steakhouse &c.*, 215 Ga. App. 166, 168 (1) (450 SE2d 275) (1994).

It is undisputed that the Andersons were on vacation when the incident occurred. Because there is no evidence in the record that the Andersons had actual knowledge of the alleged hazardous condition, Reynolds must establish that the Andersons had constructive knowledge of the dangerous condition. In addition, at summary judgment, Reynolds had the burden of also showing the Andersons' constructive knowledge of the potential hazard was superior to her knowledge. *Echols v. Whisker's Food &c.*, 229 Ga. App. 240 (493 SE2d 722) (1997). Reynolds failed to make this showing.

In her deposition, Reynolds admitted that two days prior to her fall, she successfully stood on the same rocks from which her fall eventually resulted. Reynolds also admitted that she traversed this area three times before the incident occurred. "When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988). "In cases where this rule has been applied, however, the defect causing the fall invariably has been a static condition readily discernible to a person exercising reasonable care for his own safety. . . ." *Martin v. Dunwoody-Shallowford Partners*, 217 Ga. App. 559, 561 (2) (b) (458 SE2d 388) (1995).

Reynolds successfully watered the plants two days previously; she slipped and fell while she attempted the same task on the next occasion. Reynolds testified at her deposition that she "had to kind of get in there to reach over to where the hose was." Reynolds admitted that there were rocks where she stood and that the rocks were wet because "[I] had just watered the plants." Even though Reynolds testified she did not notice that the rocks were unstable when she stood on the rocks to turn the water on and off, she stood in the same area to reach the water spigot on both occasions. Thus, Reynolds was familiar with the alleged hazardous condition and "could not have been ignorant of the [existence of the rocks beneath the plants] but was inevitably required to negotiate [them]," *Echols*, supra at 241, where she had successfully traversed them immediately before she

fell. Accordingly, the trial court erred in denying the Andersons' motion for summary judgment.

*Judgment reversed. Pope, P. J., and Beasley, J., concur.*

DECIDED JUNE 16, 1998 — 

*Downey & Cleveland, Y. Kevin Williams, James S. Weston,* for appellants.

*Theodore P. Bianco, Charles A. Mullinax,* for appellee.