A96A1919. STEELE et al. v. ROSEHAVEN CHAPEL, INC.
(505 SE2d 245)

Judge Harold R. Banke.

Jeannine C. Steele and Robert H. Steele sued Rosehaven Chapel, Inc. ("Rosehaven") for personal injuries and loss of consortium respectively due to Jeannine Steele's fall on the front entrance step of Rosehaven's funeral home. The Steeles appeal the trial court's grant of summary judgment in favor of Rosehaven.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. Lau's Corp. v. Haskins, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the evidence was as follows. Jeannine Steele entered Rosehaven's funeral home through the front entrance walking up the steps which had a handrail. After spending less than one hour inside, Steele exited through the same door but proceeded to her left instead of going straight down the main stairs which she had previously traversed. Steele failed to see the single step down, allegedly incurring injuries as a result. At the time of her fall, the front steps leading straight up to the doorway had yellow identifying striping. However, the sole step leading out to the left side had no such striping and was not equipped with a handrail.

Steele relied on the testimony of Deborah Hyde, Ph.D., who used the 1988 Standard Building Code and the Life Safety Code which had been adopted by Douglas County to decide whether this step complied with building codes and minimum safety standards. Hyde opined that the placement of the single step with the lack of defined nosing (leading edge of a step), absence of a handrail, and the lack of a defining contrast in the composition of the brick pattern, created an inherently dangerous condition.

Although Rosehaven had not posted a warning sign cautioning about the step, it is undisputed that no one had previously fallen there. Steele admitted that she was not looking down because she

incorrectly assumed that the ground was level and also admitted that she was not looking where she was walking because her attention was focused on her vehicle parked nearby. According to Steele, nothing obstructed her vision or prevented her from looking down had she chosen to do so. After determining that Steele failed to exercise ordinary care for her own safety and that she failed to offer any evidence that Rosehaven had superior knowledge of the alleged hazard, the trial court granted summary judgment. *Held*:

We have carefully reconsidered this case in light of *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997).[1] Although Steele contends that the existence of material issues of disputed fact preclude summary judgment, we disagree. Pretermitting any consideration of whether Steele failed to exercise reasonable care for her own safety, we find that Rosehaven was entitled to summary judgment because Steele failed to show it had superior knowledge of the alleged hazard.

In order to recover for her injuries allegedly sustained due to an allegedly hazardous condition, Steele had to show fault on the part of Rosehaven and her own ignorance of the danger. *Steinberger v. Barwick Pharmacy*, 213 Ga. App. 122, 123 (1) (444 SE2d 341) (1994). This she failed to do. Proof of nothing more than the occurrence of a fall is not sufficient to establish negligence or to give rise to liability. *Wilson v. Duncan*, 211 Ga. App. 814, 815 (440 SE2d 550) (1994). It is axiomatic that "[i]n everyday life, persons are required to negotiate the floors, steps and doorways of buildings." *Steinberger*, 213 Ga. App. at 124 (1).

The brick step at issue was not crumbling or in disrepair or icy or wet. Nor was it poorly lit or obscured by an object from view. This single brick step just outside Rosehaven's main double glass doors was a permanent static condition, not a transient foreign substance. Although Steele contends that Rosehaven's failure to provide a handrail or striping on the step violated local codes, and established negligence per se, the building code at issue merely suggested but did not require striping or a handrail.[2] *Steinberger*, 213 Ga. App. at 125 (2).

It has long been the position of this Court that " '[t]he mere existence or maintenance of a difference in floor levels or of steps in a business building does not constitute negligence.' [Cits.]" *Wilson*, 211 Ga. App. 814. Here, it is undisputed that no one else had ever previously fallen on that step despite the continuous use of that entrance

---

[1] The Supreme Court vacated *Steele v. Rosehaven Chapel*, 223 Ga. App. 523 (478 SE2d 596) (1996) in light of its *Robinson* decision.

[2] Steele offered no evidence that either striping or a handrail was mandated by law in this situation. The safety code section at issue provides, "A contrasting stripe on each stepping surface *may be provided* at the nosing or leading edge. . . ." Life Safety Code A-5.1.6.2. (Emphasis supplied.)

for several years.

Even after *Robinson*, supra, in a premises liability action, a defendant can prevail on summary judgment by pointing to the absence of evidence as to an essential element of a plaintiff's prima facie case. *Robinson*, 268 Ga. at 748-749 (2) (b); see *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Here, Steele failed to show that Rosehaven had superior knowledge of the alleged hazard, even assuming solely for the sake of argument only that the step was somehow defective. *Haskins v. Piggly Wiggly Southern*, 230 Ga. App. 350, 352 (496 SE2d 471) (1998). For this reason, Rosehaven was entitled to summary judgment as a matter of law. *Winn Dixie Stores v. Carroll*, 212 Ga. App. 234 (441 SE2d 432) (1994) (failure to satisfy either prong of the *Alterman* test warrants summary judgment) (case questioned on other grounds in *Robinson*, 268 Ga. at 738); see *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291, 292 (2) (435 SE2d 764) (1993).

*Judgment affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED JULY 31, 1998 —
RECONSIDERATION DENIED AUGUST 13, 1998 — 

*Robert S. Windholz*, for appellants.
*Fain, Major & Wiley, Thomas E. Brennan, John K. Miles, Jr.*, for appellee.