## A98A0867. HART v. BRASSTOWN VIEW ESTATES, INC.
(506 SE2d 896)

ANDREWS, Chief Judge.

While vacationing for a weekend at a mountainside cabin rented from Brasstown View Estates, Inc., George Rodney Hart slipped and fell on a walkway leading to the entrance to the cabin. Hart sued Brasstown for injuries he sustained in the fall, claiming that the walkway was a hazardous condition on the premises and that Brasstown failed to exercise ordinary care to keep the premises safe for invitees. The trial court granted summary judgment in favor of Brasstown concluding that, because Hart knew about the obvious risks posed by the walkway, he had knowledge of the hazard equal to that of Brasstown, which precluded any recovery. We agree and affirm the grant of summary judgment in favor of Brasstown.

"[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or

constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997). Thus, the true ground of liability in a slip and fall action remains the owner/occupier's superior knowledge of the hazard that was the proximate cause of the invitee's slip and fall. *McCoy v. West Building Materials &c.*, 232 Ga. App. 620, 621 (502 SE2d 559) (1998); *Anderson v. Reynolds*, 232 Ga. App. 868 (502 SE2d 782) (1998); *Denham v. Young Men's Christian Assn. &c.*, 231 Ga. App. 197, 199 (499 SE2d 94) (1998).

Hart testified by deposition that he slipped and fell while attempting to walk down some steps on the walkway leading from the parking area to the cabin. The walkway was a dirt and gravel path about ten feet long with a change in elevation of about three feet. Hart described the steps on the path as follows: "They're basically extremely primitive. They were dug out of the side of the mountain. They were just very irregular. They were covered with leaves, debris, gravel and were irregularly shaped and there was no hand railing." Prior to the slip and fall, Hart had successfully traversed the walkway and steps going both up and down. When describing how he slipped and fell, Hart testified: "Since I had been down the steps and up the steps once[,] I could tell I had to watch because there was no hand rail. I went down from the level of the road to the first step and I was all right then. The next step I got the sensation like I was sliding on marbles like on that loose gravel." He testified that the loose gravel under his foot caused him to lose his footing and slip and fall.

As to the condition of the walkway, Hart testified that the gravel, leaves, and debris on the steps when he slipped and fell were the same as they appeared when he previously traversed the walkway. He testified that there was no rain when he slipped and fell, and although there were a few snow flurries at the time, there was no ice, sleet, or snow on the steps. When asked if he thought the steps created any kind of hazard that could have caused him to fall, Hart responded: "It was an obvious hazard to me. . . . I'm talking about the structure of the steps themselves and the steepness . . . and knowing that there was gravel which could roll." Hart admitted that he saw the leaves, debris, and gravel and "saw the potential danger" posed by the steps the first time he traversed the walkway. There was no evidence that the walkway violated the provisions of any building code.

Assuming that Brasstown had actual or constructive knowledge of the alleged hazardous condition of the walkway and steps, the record also shows that Hart had actual knowledge of the hazard that caused his slip and fall. "Furthermore, when a person has success-

fully negotiated an allegedly dangerous condition on a previous occasion, that person is presumed to have knowledge of that condition and cannot recover for a subsequent injury resulting therefrom." *Pierce v. Wendy's Intl.*, 233 Ga. App. 227, 230 (504 SE2d 14) (1998); *Ray v. Restaurant Mgmt. Svcs.*, 230 Ga. App. 145, 146 (495 SE2d 613) (1998). Since the record plainly demonstrates that Hart knew about the hazard, and there is no evidence that Brasstown had knowledge superior to that of Hart, the trial court correctly granted summary judgment in favor of Brasstown. *Steele v. Rosehaven Chapel*, 233 Ga. App. 853 (505 SE2d 245) (1998); *McCoy*, supra; *Anderson*, supra; *Pierce*, supra; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

There is no merit to Hart's contention that the "necessity rule" applies to create a question of fact because he had no alternative but to assume the risk and traverse the hazard in order to gain entry to the cabin. The "necessity rule" applies in the context of a landlord-tenant relationship where in order to enter and leave an apartment rented as the tenant's dwelling place the tenant is required to traverse a known hazard. *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158, 159-160 (335 SE2d 408) (1985). The relationship between Hart and Brasstown in the rental of the cabin was not that of landlord and tenant but innkeeper and guest, so the necessity rule does not apply. Id.; see OCGA § 43-21-1 et seq.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I concur in the judgment of the majority. I write specially because I cannot agree with all that is said in the majority opinion, particularly the majority's analysis focusing on Hart's having traversed the steps previously.

Nevertheless, I agree that summary judgment was proper. One of the primary teachings of *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997), thrice repeated, is that "[t]he issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." Id. at 735. See also id. at 741, 748.

In keeping with that guiding principle, once the defendant's knowledge has been established and evidence has been presented that the plaintiff's injuries were caused by an "intentional and unreasonable exposure of self to a hazard of which plaintiff has knowledge," *Robinson*, supra at 748, to withstand a motion for summary judgment, a slip/fall plaintiff is required to produce evidence disproving his own negligence. Id. Here, the defendant's knowledge

of the hazard was established. And Hart admitted he also realized before the fall that the structure of the steps themselves constituted an "obvious hazard." Thus, even under *Robinson,* to withstand the motion for summary judgment, Hart was required to present evidence disproving his own negligence. Id. at 748. Because I have found no such evidence in the record, I must agree that summary judgment in this case was properly granted against Hart.

DECIDED SEPTEMBER 16, 1998.

*Bynum, Lewis & McEvoy, Joe H. Bynum, Jr.,* for appellant. *Joe B. Sartain, Jr.,* for appellee.