McFadden, Presiding Judge,
dissenting.
I disagree with the majority’s holding that the necessity rule is limited to cases involving landlords and tenants and so does not apply here. Whether that rule extends to condominium residents and condominium associations is an issue of first impression. Because the animating principle of the rule applies as well to condominium homes as to rental homes, I would hold that the rule itself likewise extends to condominiums. I therefore respectfully dissent.
It is true that the necessity rule has not been extended beyond the landlord-tenant context.
The necessity rule applies in the context of a landlord-tenant relationship where the tenant is required to traverse a known hazard in order to enter or leave his home. Under that exception, when the dangerous area is a tenant’s only access or only safe and reasonable access to his home, the tenant’s equal knowledge of the danger does not excuse the landlord from liability for damages caused by a failure to keep the premises in repair. Thus, the necessity rule exception tempers the equal or superior knowledge rule when there is no other means of safe ingress and egress to the leased premises.
Flores v. Strickland, 259 Ga. App. 335, 337-338 (2) (577 SE2d 41) (2003) (citations and punctuation omitted).
But when we have rejected past arguments for extension of the necessity rule, we have done so on the basis that it should not be *438 extended beyond its animating principle. That is, a person “cannot be deemed as a matter of law to have freely and voluntarily assumed the risk of injury” if her alternative is to become “a virtual prisoner in her own apartment.” Grier v. Jeffco Mgmt. Co., 176 Ga.App. 158, 159-160 (335 SE2d 408) (1985); accord Shansab v. Homart Dev. Co., 205 Ga. App. 448, 451 (4) (422 SE2d 305) (1992). See Hart v. Brasstown View Estates, 234 Ga. App. 389, 391 (506 SE2d 896) (1998) (necessity rule did not apply when the parties were an innkeeper and a guest); Shansab, supra (declining to extend necessity rule to employees of party located in proprietor’s building); Grier, supra (finding that the necessity exception did not apply when the parties had a business owner and customer relationship). So for the necessity rule, there is no meaningful difference between a rental apartment and a condominium apartment.
Decided June 27, 2017
Reconsideration denied July 17, 2017
Drew, Eckl & Farnham, Brian W. Johnson, for appellants.
The Morrison Law Firm, Stephen D. Morrison, Jr., for appellee.
The evidence before us, construed in favor of Stuart-Jones as the party opposing summary judgment, OCGA § 9-11-56, is that both staircases were insufficiently lit. That is sufficient to avoid summary judgment. See McCullough v. Briarcliff Summit, L.P. II, 237 Ga. App. 630, 632 (2) (516 SE2d 353) (1999) (unlit stairs).
I am authorized to state that Presiding Judge Barnes and Judge Reese join in this dissent and that Presiding Judge Miller concurs in judgment only as to this dissent.