### A96A1822. ARWOOD v. TZEN et al.
(483 SE2d 149)

RUFFIN, Judge.

Eugene Arwood sued Jeffrey and John Tzen for injuries sustained when he slipped and fell in a convenience store managed by Jeffrey Tzen and located in a building owned by John Tzen. The trial court granted summary judgment to the Tzens, and Arwood appealed. For reasons which follow, we reverse.

Summary judgment is appropriate when the court, viewing all the evidence and drawing all reasonable inferences in a light most

favorable to the nonmovant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" Id.

The record reveals the following. Arwood entered the convenience store on a rainy day to purchase ice. He walked to the cash register and paid for the ice, which was kept outside the store. Arwood turned to his left to leave the store, took a few steps, and then decided he also wanted to purchase orange juice. Looking for the juice, he moved back to his right and slipped. According to Arwood, Jeffrey Tzen mopped the area after he fell and stated that water, grease and oil were on the floor. At his deposition, Arwood admitted that he "would have been able to see water on the floor if [he] had been looking."

1. In his first enumeration of error, Arwood argues that the trial court erred in not considering his affidavit filed in response to the Tzens' motion for summary judgment.

The record does not support Arwood's claim that the trial court disregarded this affidavit. On the contrary, the summary judgment order specifically states that, before ruling, the trial court reviewed "the pleadings, depositions, *affidavits*, briefs and arguments of the parties and all other matters of record. . . ." (Emphasis supplied.) Because the record indicates that the trial court considered Arwood's affidavit, this enumeration has no merit.

2. In his second enumeration, Arwood argues that the trial court erred in granting summary judgment to the Tzens. We agree.

"[T]o establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the customer must show (1) that the defendant had actual or constructive knowledge of a foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980)." *Hudson v. Quisc, Inc.*, 205 Ga. App. 840 (424 SE2d 37) (1992). The Tzens present no argument regarding their knowledge of the foreign substance. Instead, they focus on the second requirement and contend that summary judgment was proper because Arwood knew or should have known about the substance and failed to exercise ordinary care for

his own safety.

(a) In particular, the Tzens claim that Arwood's knowledge of the substance was equal to or greater than their knowledge because Arwood "had just walked through or by the place where he allegedly fell." We have held that " '[w]hen a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cits.]' [Cit.]" *Lea v. American Home Equities,* 210 Ga. App. 214, 215 (1) (435 SE2d 734) (1993). In this case, however, the evidence is not clear that Arwood "negotiated [the] alleged dangerous condition" before he fell.

The record reveals that Arwood stepped to his left to leave the store, then decided to purchase orange juice, moved back to the right and slipped. Arwood indicated that he had not previously been standing in the area where he slipped. He also testified that when he turned to his right to find the orange juice, he was not heading directly back to where he had been standing at the cash register. Furthermore, when asked whether he "actually walked through the area that [he] slipped in[,]" Arwood replied "no." In their brief, the Tzens similarly indicate that Arwood may have just walked "by" the place where he slipped. In light of this testimony, we find that a material issue of fact remains as to whether Arwood successfully negotiated the alleged hazard before he fell.

(b) The Tzens also argue that Arwood did not take ordinary care to protect himself against the fall, authorizing summary judgment. Again, we disagree.

To support their argument, the Tzens claim that Arwood should have known that rainwater would be tracked into the convenience store by customers. "[W]hen it rains, the ordinary person is aware that water is apt to be found in any area frequented by people coming in from the rain outside." *Roby v. Kroger Co.*, 219 Ga. App. 459, 460 (465 SE2d 496) (1995). In rainy day slip and fall cases, we have upheld summary judgment where the customer knows of the rainy condition, and thus is aware that rainwater may be on the floor, and the proprietor takes reasonable steps to keep the rainwater mopped. See id.; *Hagin v. Winn-Dixie Stores,* 180 Ga. App. 303 (348 SE2d 766) (1986).

Although it was raining on the day of this incident, a dispute exists as to whether Arwood slipped on rainwater or some mixture of water, grease and oil on the floor. Jeffrey Tzen testified during his deposition that after the incident, he mopped the area where Arwood fell and found only rainwater. Arwood testified, however, that he heard Tzen describe the substance mopped up as "water, grease and oil." Given this dispute, we cannot find that, as a matter of law, Arwood should have been aware that the foreign substance on which

he slipped was apt to be found on the convenience store floor.

To further support their argument, the Tzens also point out that Arwood testified he was not "looking down" while in the store and that he admittedly "would have been able to see water on the floor if [he] had been looking." "Although the duty to exercise ordinary care for one's own safety does not require continuous scanning of the floor for hazards under all circumstances, it does require the use of one's eyesight to discover and avoid plainly visible hazards on the floor in one's path. [Cits.]" *Moore v. Kroger Co.*, 221 Ga. App. 145, 147 (470 SE2d 529) (1996). In this case, a question of fact remains as to whether the alleged hazard was "plainly visible." Arwood admitted that he could have seen *water* on the floor had he looked. His testimony indicates, however, that grease and oil were also present in the area where he fell. The Tzens have pointed to no evidence establishing whether Arwood slipped on water alone, or oil or grease alone, or on any combination of the three substances. Furthermore, they have pointed to no evidence establishing that Arwood could or should have seen the actual substance on which he slipped. Compare *Moore*, supra; *Foodmax v. Terry*, 210 Ga. App. 511, 513 (2) (436 SE2d 725) (1993).

We find that questions of fact remain in this case as to whether Arwood had equal or greater knowledge of the alleged hazard and whether he exercised ordinary care for his own safety. Accordingly, summary judgment was improper. See *Lau's Corp.*, supra.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 19, 1997 —

*Thomas M. Strickland*, for appellant.

*Mozley, Finlayson & Loggins, William D. Harrison, Lawrence B. Domenico*, for appellees.