A98A0199. RAY v. RESTAURANT MANAGEMENT SERVICES, INC.
(495 SE2d 613)

JOHNSON, Judge.

Liquantor Ray appeals the grant of summary judgment to Restaurant Management Services, Inc. d/b/a Shoney's in her slip and fall case.

Construing the evidence most favorably to Ray as the party opposing summary judgment, the evidence is as follows. Ray, her husband, and two friends went to a Shoney's restaurant for supper. The group was initially seated at a table toward the rear of the restaurant. They decided the table was too small and asked if they could move to a booth located three to five feet away. The booth had just been vacated, and a Shoney's employee cleared off the table in the booth as another employee swept the tile floor between the table at which Ray was seated and the booth. A third employee, a waitress, came over to the table and told Ray and her party that the booth was ready. Ray testified in her deposition that as she walked to the booth, she was reminded that her coat was at the table. She could not recall if she had taken one step back toward the table or was pivoting around when she slipped and fell on what she believed was hard-boiled egg. Her friends and her husband testified that she fell as she walked toward the booth.

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). In this case, two Shoney's employees had just been working in the area in which Ray fell and a third Shoney's employee escorted Ray from the table to the booth. Therefore, even if Shoney's did not have actual knowledge of food on the floor, the presence of employees in the immediate area is enough to impute constructive knowledge of the condition of the floor. "Constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard." (Citations and punctuation omit-

ted.) *Winn-Dixie &c. v. Ramey*, 186 Ga. App. 257, 259 (2) (366 SE2d 785) (1988).

Shoney's apparently concedes that the first prong of the *Alterman Foods* test, that the defendant had actual or constructive notice of the foreign substance, is satisfied in this case. In its motion for summary judgment, Shoney's introduced no evidence, and did not argue, that it did not have actual or constructive knowledge of the substance. Rather, Shoney's focused on the second prong of the *Alterman Foods* test, contending that Ray knew or should have known the foreign substance was on the floor because she had just walked across the aisle. See *Arwood v. Tzen*, 224 Ga. App. 722, 723 (2) (481 SE2d 874) (1997). See also *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 404) (1997).

Shoney's correctly states the general rule that a person is presumed to have knowledge of an allegedly dangerous condition once he has successfully negotiated the condition on a previous occasion. See *Dickman v. South City Mgmt.*, 229 Ga. App. 289 (494 SE2d 64) (1997); *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988). However, on summary judgment Ray is entitled to the benefit of all favorable inferences that may be drawn from the evidence. Ray testified that she could not remember whether she had taken a step back toward the table, and her friends and her husband all believed that she was still moving toward the booth. Therefore, construing the evidence in her favor, we cannot conclude, as a matter of law, that she had successfully negotiated the allegedly hazardous condition before her fall. See *Arwood*, supra.

In *Sykes v. Colony Regency Partners*, 226 Ga. App. 804, 806 (487 SE2d 408) (1997), we reiterated the principle that "[w]hether an invitee maintained a reasonable lookout for her own safety depends on the facts and circumstances at the time and place of the fall. [Cit.]" In this case, Ray has not stated that she could have seen the hazard had she looked. "While we have held that a plaintiff fails to exercise ordinary care when she admits she could have seen the foreign substance on the floor had she been looking [cits.], no such admission is present in this case." *Chaves v. Kroger, Inc.*, 213 Ga. App. 348, 351 (444 SE2d 606) (1994). Therefore, whether Ray maintained a reasonable lookout for her own safety, had equal or greater knowledge of the presence of food on the floor which constituted the alleged hazard in this case, and exercised ordinary care for her own safety under the circumstances here are questions of fact which require resolution at trial. See *Greenforest Baptist Church v. Shropshire*, 221 Ga. App. 465, 466 (471 SE2d 547) (1996). Accordingly, the entry of summary judgment in this case was not proper. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 9, 1998.

*Dozier, Lee, Graham & Sikes, Stephen M. Welsh,* for appellant.
*Martin, Snow, Grant & Napier, Jay C. Traynham, Lisa Edwards,* for appellee.