A97A0183. AGGELES v. THEATER OF THE STARS, INC. et al.
(507 SE2d 856)

SMITH, Judge.

In *Aggeles v. Theater of the Stars*, 227 Ga. App. 227 (488 SE2d 724) (1997), in which the facts are fully set out, we affirmed the trial court's grant of summary judgment to Theater of the Stars in this personal injury action filed by Elizabeth Ann Aggeles against the theater. The Supreme Court granted Aggeles's petition for writ of certiorari and then remanded the case to this Court for reconsideration in light of its holding in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997). We conclude that *Robinson* requires reversal of the trial court's grant of summary judgment to the theater.

In *Robinson*, the Supreme Court engaged in an extensive discussion of the "pendulum-like" treatment of slip and fall cases by the appellate courts of this state. Id. at 735. The Court focused in large part on the swing of that pendulum toward "the rare case which

---

escaped summary adjudication" after the issuance of *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). *Robinson* at 736. This analysis includes discussion of the "weighty burden placed on slip-and-fall plaintiffs by *Alterman Foods*," id. at 747, after *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) was decided and a modification of *Alterman Foods* "to regain balance in the allocation of the burden of proof." *Robinson* at 747.

Under *Robinson*, a plaintiff need no longer come forward with evidence disproving his or her negligence until it is established the defendant had actual or constructive knowledge of the hazard, and the defendant presents evidence that the plaintiff's injuries were caused by his or her own voluntary negligence or failure to exercise ordinary care. Id. at 748. And to show negligence on the part of a plaintiff, the defendant in a slip and fall case must show "that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." Id. at 749. A court ruling on a motion for summary judgment must determine "whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." Id. at 748.

We observed in our previous decision that just before descending the staircase, Aggeles successfully ascended it using the outside handrail on the opposite side. We further noted that the handrails on each side of the staircase are identical in their placement. *Aggeles*, supra at 227. Before *Robinson* was issued, under this evidence, summary judgment in the theater's favor was warranted; Aggeles testified that she had no problem seeing as she ascended the stairs, and the law authorized a holding that she therefore should have known of the handrail's condition on either side of the stairway.

But in light of the mandate in *Robinson* that the evidentiary burden on plaintiffs be lightened and its emphasis on the expediency of summary adjudication in only plain, palpable, and undisputed cases, id. at 748, we conclude that summary judgment in the theater's favor was not appropriate. The record does not show that Aggeles actually *knew* that the handrails on either side were identically constructed, and the evidence therefore does not demand a finding that she successfully negotiated the stairway moments earlier and thus had knowledge of the condition equal to that of the theater. See *Ray v. Restaurant Mgmt. Svcs.*, 230 Ga. App. 145, 146 (495 SE2d 613) (1998). Moreover, we cannot say as a matter of law that Aggeles was required to look at each handrail before ascending the stairway, nor are we at liberty to hold as a matter of law that any failure to observe the condition of the handrails amounted to an intentional and unreasonable exposure to a risk. The issues in this case are sim-

ply routine ones relating to whether a defendant had superior knowledge of a hazard and whether an invitee exercised ordinary care for her own safety. These issues therefore are not subject to summary adjudication, and the trial court erred in granting summary judgment to the theater.

*Judgment reversed. Senior Appellate Judge Harold R. Banke concurs. McMurray, P. J., and Eldridge, J., concur specially. Andrews, C. J., Beasley and Ruffin, JJ., dissent.*

McMurray, Presiding Judge, concurring specially.

By order dated January 5, 1998, "the judgment of the Court of Appeals [was] vacated, and the case [was] remanded to the Court of Appeals for reconsideration of the merits of [plaintiff-]petitioner's appeal in light of [the Supreme Court of Georgia's] holding in *Robinson v. Kroger Co.*, [268 Ga. 735 (493 SE2d 403)]." Like the majority, I conclude that reversal of the previous grant of summary judgment is mandated by the Supreme Court of Georgia's recent decision, but not because of policy statements about the burden of proof. Rather, this result is mandated by the *holdings* of *Robinson*, whereby the Supreme Court of Georgia "disapprove[d] of the appellate decisions which hold as a matter of law that an invitee's failure to see before falling the hazard which caused the invitee to fall constitutes a failure to exercise ordinary care. [The Supreme Court of Georgia also took] issue with the Court of Appeals' holding . . . that an invitee fails to exercise ordinary care for personal safety as a matter of law when the invitee admits she failed to look at the location where she subsequently placed her foot." *Robinson v. Kroger Co.*, 268 Ga. 735 (1), 743, supra. Consequently, I adhere to my original view that, "[b]ased on the record before us, a jury would be authorized to conclude that the fact the wall and outside handrail attached to it did not continue down the final five steps to the ground floor (coupled with the darkness of the area and other patrons also falling that night) amounted to a hazardous condition on the premises, and such condition, while static, was not patent due to the very, very dark conditions of the theater. Consequently, defendants have, in my judgment, failed to establish the non-existence of every material fact. Moreover, plaintiff testified she used the rail to guide herself along the dimly lit staircase. 'This testimony is some evidence that (plaintiff) exercised reasonable care for (her) own safety (in descending the Grand Staircase). (Cit.) The evidence thus did not demand a finding that (plaintiff) failed to exercise reasonable care, ((cit.)); OCGA § 9-11-50, and the (trial court) erred (in granting defendants' motion for summary judgment).' *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485)." *Aggeles v. Theater of the Stars*, 227 Ga. App. 227, 231 (1) (488 SE2d 724) (McMurray, P. J., and Eldridge, J., dissenting).

I am authorized to state that Judge Eldridge joins in this special concurrence.

ANDREWS, Chief Judge, dissenting.

A review of the facts set forth in *Aggeles v. Theater of the Stars*, 227 Ga. App. 227 (488 SE2d 724) (1997) demonstrates that our prior decision affirming the grant of summary judgment to Theater of the Stars was correct, and that the Supreme Court's decision in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997) supports this conclusion.

Aggeles fell as she was descending the staircase in the lobby of the Fox Theater in Atlanta. *Aggeles*, 227 Ga. App. at 227-228. She claimed the handrail she was using on the staircase was constructed in such a manner that it posed an unreasonable risk of harm to her and caused her fall. Id. at 227-229. Specifically, she pointed to the fact that the outside handrail she was using to descend the staircase did not extend all the way to the bottom of the staircase — it ended five steps before the bottom. Id. We pointed out in our previous decision that, only moments prior to descending the staircase, Aggeles had successfully ascended the staircase using the outside handrail on the opposite side of the staircase which was constructed in the exact manner as its counterpart and which also ended five steps before the bottom of the staircase. Id. at 227, 229. We also pointed out that Aggeles testified by deposition that "she had no problem seeing as she ascended the stairs and that the lighting as she descended the stairs was no different than the lighting as she walked up the stairs." Id. at 227. There was also a handrail down the center of the staircase which was available to Aggeles and which extended all the way to the bottom step. Id. at 229. There was no evidence that anyone had previously fallen on the staircase because of any alleged defect in the handrails. Id. at 228. Furthermore, it was undisputed that the Fox Theater is a historic landmark building and that, as part of the preservation of the theater as a historic landmark, the staircase at issue was required under federal historic preservation guidelines established by the Secretary of the Interior to be preserved in its original form without outside handrails for the bottom five steps, despite the fact that this did not comply with the Standard Building Code. Id. at 228. Accordingly, we concluded in our prior decision that the undisputed evidence established that the theater's status as a historic landmark exempted it from the Standard Building Code regulations. Id. at 228.

The Supreme Court reiterated in *Robinson v. Kroger Co.* that "[w]hile not an insurer of the invitee's safety, the owner/occupier is required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has superior

knowledge." Id. at 740. It is undisputed that the staircase in the Fox Theater and the handrails on it were in the exact historical condition required by the federal historical preservation guidelines. This included the preservation of the clearly visible center handrail on the staircase extending all the way down to the bottom step, which was available for use by Aggeles. Under these circumstances, the staircase did not present an unreasonable risk of harm to invitees, nor was the Theater of the Stars negligent in maintaining the premises in its historically preserved condition in accordance with federal standards. To hold otherwise would make the Theater of the Stars an insurer of Aggeles' safety in violation of the express holding of *Robinson v. Kroger Co.*

In our prior decision, we discussed the fact that the stairs at issue were maintained in compliance with federally imposed standards for historic landmark buildings. *Aggeles*, 227 Ga. App. at 228-229. Based on this fact and undisputed evidence that Aggeles could have used the center handrail extending to the bottom of the staircase, we concluded that Aggeles could not recover. Id. at 228-229. Despite the Supreme Court's clear mandate that we reconsider our prior decision in light of *Robinson v. Kroger Co.*, the majority opinion now reverses our prior decision without mentioning these facts and without making any attempt to reconsider our prior conclusion on these facts in light of *Robinson v. Kroger Co.*

The facts also show another reason supporting the grant of summary judgment to the Theater of the Stars: (1) the handrail at issue was a visible, static condition, (2) Aggeles used the opposite handrail while successfully ascending the staircase only moments before she used the identical outside handrail on the other side of the staircase and fell while descending, and (3) the lighting was adequate for Aggeles to see the handrail ascending and descending.

This Court has reviewed similar facts after the Supreme Court's decision in *Robinson v. Kroger Co.* and concluded that summary judgment in favor of the proprietor was demanded. "When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. In cases where this rule has been applied, . . . the defect causing the fall invariably has been a static condition readily discernible to a person exercising reasonable care for his own safety." (Citations and punctuation omitted.) *Anderson v. Reynolds*, 232 Ga. App. 868, 870 (502 SE2d 782) (1998); *Pierce v. Wendy's Intl.*, 233 Ga. App. 227 (504 SE2d 14) (1998); *Ray v. Restaurant Mgmt. Svcs.*, 230 Ga. App. 145, 146 (495 SE2d 613) (1998). Under *Robinson v. Kroger Co.*, a plaintiff invitee must still prove that she "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the

owner/occupier." Id. at 748-749. Accordingly, the true ground of liability in a slip and fall action remains the owner/occupier's superior knowledge of the hazard that was the proximate cause of the invitee's slip and fall. *McCoy v. West Building Materials &c.*, 232 Ga. App. 620, 621 (502 SE2d 559) (1998); *Anderson*, 232 Ga. App. at 869; *Denham v. Young Men's Christian Assn. &c.*, 231 Ga. App. 197, 199 (499 SE2d 94) (1998). Because the facts plainly demonstrate that Aggeles had knowledge of the alleged dangerous condition and exposed herself to it, she cannot recover. *Robinson v. Kroger Co.*, 268 Ga. at 739-741, 748-749.

I am authorized to state that Judge Beasley and Judge Ruffin join in this dissent.

DECIDED OCTOBER 15, 1998 —
RECONSIDERATION DENIED NOVEMBER 2, 1998.

*Wheeler & Watson, David K. Wheeler, James A. Watson*, for appellant.

*Gorby & Reeves, Michael J. Gorby, Gray & Hedrick, Amanda H. Burri*, for appellees.