A97A0926. WILLIAMS et al. v. SING BROTHERS, INC.
(487 SE2d 445)

Judge Harold R. Banke.

Bessie Williams sued to recover for damages allegedly sustained when she slipped and fell while grocery shopping at Sing Brothers, Inc. d/b/a Food Mart ("Sing"). James Williams brought a loss of consortium claim. The Williams appeal the trial court's grant of summary judgment to Sing.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the evidence was as follows. Williams had shopped at this store on numerous occasions. On this particular visit, her sole objective was to purchase milk. After she obtained the milk and arrived at the checkout counter, the cashier advised her that for an additional ten cents she could purchase a gallon of milk instead of a half-gallon. A surveillance videotape clearly depicts Williams retracing her steps to the dairy section but suddenly slipping and falling while en route. Without elaborating on any reasons, the trial court found for Sing. *Held*:

1. The trial court properly granted summary judgment. It is undisputed that Williams was an invitee at the time of the incident. Liability for an invitee's injuries in a slip and fall premises liability

case is determined by the relative knowledge possessed by the owner and the invitee of the condition or hazard which resulted in injury. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305) (1992).

To avoid summary judgment on her slip and fall claim, Williams had to show: (1) that Sing had actual or constructive knowledge of the foreign substance, and (2) that she was without knowledge of it or for some reason attributable to Sing was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Sing would be entitled to summary judgment if Williams knew about the alleged hazard or should have discovered and avoided it, unless the store somehow prevented her from discovering it. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991).

Pretermitting consideration of whether Williams can satisfy prong one of *Ligon*, the evidence shows she cannot satisfy prong two. A customer, like Williams, must exercise ordinary care for her own safety, and must by the same degree of care avoid the effect of the owner's negligence after it becomes apparent to her or in the exercise of ordinary care, she should have learned of it. *Bloch v. Herman's Sporting Goods*, 208 Ga. App. 280, 281 (430 SE2d 86) (1993). Notwithstanding Williams' claim to the contrary, the videotape indisputably shows that Williams returned to the dairy case using the exact same path she had traversed moments before. When a person has successfully negotiated an allegedly dangerous condition on a previous occasion, that person is presumed to have knowledge of that condition and cannot recover for a subsequent injury resulting therefrom. *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291, 292 (1) (435 SE2d 764) (1993); *Harpe v. Shoney's, Inc.*, 203 Ga. App. 592, 593 (1) (417 SE2d 184) (1992); *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988). Having successfully pierced an essential element of Williams' case, Sing was entitled to summary judgment as a matter of law. *Lau's Corp.*, 261 Ga. at 495.

2. It is not a ground for reversal that the trial court elected not to issue findings of fact and conclusions of law when it ruled on the summary judgment motion. *Hopkins v. Hudgins & Co.*, 218 Ga. App. 508, 510 (1) (d) (462 SE2d 393) (1995). OCGA § 9-11-52; *Dixie Diners Atlanta v. Gwinnett Fed. Bank, FSB*, 211 Ga. App. 364, 366 (1) (439 SE2d 53) (1993).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JUNE 3, 1997.

Before Judge Cowart.

*Roy W. Copeland*, for appellants.

*Fendig, McLemore, Taylor, Whitworth & Durham, James B. Durham, Beth M. Duncan,* for appellee.