A99A1003. McCOY et al. v. WINN DIXIE STORES, INC.
(519 SE2d 689)

BLACKBURN, Presiding Judge.

In this slip and fall action, Kenneth F. McCoy appeals the trial court's grant of summary judgment to Winn Dixie Stores, Inc., contending that the trial court improperly presumed that he had knowledge of the puddle which caused his fall because he had walked across it moments earlier. For the reasons set forth below, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant [or denial] of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in this light, the record shows that McCoy delivered a truckload of flour to the Crackin' Good Bakery, a subsidiary of Winn Dixie, in the early morning hours of June 23, 1993. Jimmie King, a bakery employee, informed McCoy that the flour intake pipe had to be set up, and that he would wave when things were ready. In order to see King's signal, McCoy followed Williams inside the bakery into an open four-story room where flour and sugar silos were housed. McCoy testified that the lighting inside the room was dim and that the silos threw shadows across the walls. McCoy walked approximately 100 feet into the room, waited for Williams' signal, and then turned to go out using approximately the same path by which he had entered. After taking a couple of steps, McCoy slipped and fell in a puddle of water, injuring his knee. McCoy deposed that he never saw

the puddle prior to his fall.

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

*Robinson v. Kroger Co.*, 268 Ga. 735, 749 (493 SE2d 403) (1997). In order to show that the plaintiff was negligent, a defendant must show "that the plaintiff intentionally and unreasonably exposed self [sic] to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." Id. In slip-and-fall actions, summary judgment is appropriate only in plain, palpable, and undisputed cases. Id. at 748.

Winn Dixie does not dispute that it had knowledge of the puddle in which McCoy slipped prior to his fall, and it concedes that McCoy has satisfied prong one of the *Robinson* standard. Nevertheless, Winn Dixie contends that McCoy cannot satisfy prong two of the *Robinson* standard because he had previously traversed the puddle without incident just prior to his fall.

It has generally been held that

> [w]hen a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. In cases where this rule has been applied, however, the defect causing the fall invariably has been a static condition readily discernible to a person exercising reasonable care for his own safety.

(Citation and punctuation omitted.) *Anderson v. Reynolds*, 232 Ga. App. 868, 870 (502 SE2d 782) (1998) (plaintiff slipped on wet rocks and bricks beneath a water spigot).

In this case, the evidence does not support a finding on summary judgment that the puddle was or should have been readily discernible to McCoy prior to his fall. McCoy testified that he saw nothing on the floor, the lighting in the bakery was dim, and the silos of flour and sugar threw shadows across the interior of the building. McCoy's testimony that he did not see the puddle prior to his fall under the conditions outlined above, would be sufficient to overcome any presumption of knowledge of the defect by McCoy and creates a fact issue for jury determination. In any event, a presumption relating to slip-and-fall plaintiffs who re-encounter static, readily discernible conditions has no application under the facts of this case.

At its root, "the issue [in this case] is whether taking into account all the circumstances existing at the time and place of [McCoy's] fall, [McCoy] exercised the prudence the ordinarily careful person would use in a like situation." *Robinson,* supra at 735. Because the facts in this case are far from being plain, palpable, and undisputed, this issue is one a jury must resolve. Accordingly, the trial court erred in granting summary judgment to Winn Dixie based on this standard.

*Judgment reversed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 26, 1999 —
RECONSIDERATION DENIED JUNE 14, 1999 — CERT. APPLIED FOR.

*Lane & Jarriel, Walter J. Lane, Jr., Robert H. Malone III,* for appellants.

*Clyatt, Clyatt, Wallace & DeVaughn, Robert M. Clyatt, Carl G. Fulp III,* for appellee.

