A99A2335. WILEY v. LIBERTY SOUTHERN, INC.
(532 SE2d 456)

POPE, Presiding Judge.

Plaintiff Debra Wiley filed a complaint seeking damages for personal injuries against defendant Liberty Southern, Inc. f/k/a Carrollton Convention Center after she slipped and fell at Day's Inn-Carrollton, which is managed by Liberty Southern. The trial court granted Liberty Southern's motion for summary judgment, and Wiley filed the present appeal. We reverse.

Our review is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *McCoy v. Winn Dixie Stores,* 238 Ga. App. 543 (519 SE2d 689) (1999). Viewed in this light, the evidence shows that Wiley, her husband and son began renting lodging at the motel on or about September 23, 1995. Wiley's room was on the second floor, and she used the stairs located near her room about four times a day. On October 13, 1995, at about 6:30 p.m., Wiley and her son left their room to go to the laundry room on the first floor. Wiley's son was walking ahead of her with the laundry basket and was descending the stairs when Wiley slipped at the top of the stairs and fell down almost to the bottom of the steps. Wiley testified that she did not notice anything on the floor near or on the steps before her fall but that after she fell her shoes were wet and she had a slimy, dark, thick substance on her clothes. Wiley testified she fell because of a wet spot "close to the air conditioner where the stairs were," and after she fell, a janitor mopped the floor and placed a wet floor sign in the area. Wiley also testified that she thought the water had been on the floor for days because it had mildew or algae "or something" growing in it. However, Wiley also testified that she had never noticed the spot before the day she fell.

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the

part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997).

For purposes of its motion for summary judgment, Liberty Southern conceded it had actual or constructive knowledge of the hazard. Relying on the line of cases holding that a person who has previously negotiated a dangerous condition is presumed to have knowledge of the condition and cannot recover for a subsequent injury resulting from it, Liberty Southern argued and the trial court found that Wiley's testimony that the substance had been on the floor for days and that she traversed the area several times a day established her constructive knowledge of the condition and that she intentionally and unreasonably exposed herself to the hazard. It is true that

> [w]hen a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [But] [i]n cases where this rule has been applied, . . . the defect causing the fall invariably has been a static condition readily discernible to a person exercising reasonable care for his own safety.

(Citations and punctuation omitted.) *Anderson v. Reynolds*, 232 Ga. App. 868, 870 (502 SE2d 782) (1998). "A static condition, by definition, is simply one that does not change. Such a condition 'is not dangerous unless someone fails to observe it and steps into it. (Cit.)' *MARTA v. Fife*, 220 Ga. App. 298, 300 (2) (469 SE2d 420) (1996)." *Poythress v. Savannah Airport Comm.*, 229 Ga. App. 303, 306 (3) (494 SE2d 76) (1997).

The evidence here did not establish a static condition readily discernible by the plaintiff. There was no evidence that the floor near the steps always appeared wet or slimy, that the air conditioner always leaked or that a person traversing the area should have noticed it was always wet. And there was no evidence that Wiley had previously traversed a wet floor to gain access to the steps. To the contrary, the only evidence was that Wiley traversed the steps six to eight times a day and that she had never before noticed a wet spot in the area. And contrary to the trial court's holding, Wiley's testimony that the substance had been there for days was merely an assumption on her part based on the nature of the substance on her clothes and should not have been construed against her to establish the

amount of time the floor had been wet. In sum,

> the evidence does not support a finding on summary judgment that the [wet spot] was or should have been readily discernible to [Wiley] prior to [her] fall. . . . [And] a presumption relating to slip-and-fall plaintiffs who re-encounter static, readily discernible conditions has no application under the facts of this case.

*McCoy v. Winn Dixie*, 238 Ga. App. at 544. Cf. *Mechanical Equip. Co. v. Hoose*, 241 Ga. App. 412, 413 (523 SE2d 575) (1999) (steps on which plaintiff fell had been in place for eight years); *Johnson v. J. H. Harvey Co.*, 240 Ga. App. 265 (523 SE2d 95) (1999) (ramp on which plaintiff fell had been in place "for years"); *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506 SE2d 910) (1998) (steps on which plaintiff fell had been in place for 14 years).

> At its root, "the issue (in this case) is whether taking into account all the circumstances existing at the time and place of [Wiley's] fall, [Wiley] exercised the prudence the ordinarily careful person would use in a like situation." *Robinson*, [268 Ga.] at 735. Because the facts in this case are far from being plain, palpable, and undisputed, this issue is one a jury must resolve.

*McCoy v. Winn Dixie*, 238 Ga. App. at 545.

The trial court thus erred in granting summary judgment to Liberty Southern under the facts of this case.

*Judgment reversed. Smith and Miller, JJ., concur.*

DECIDED MARCH 24, 2000.

*James M. Allison, Jr.,* for appellant.

*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer, Kenneth B. Crawford,* for appellee.