A05A0157. WALLACE et al. v. WAL-MART STORES, INC.
(612 SE2d 528)

MIKELL, Judge.

In this slip and fall action, Karen and James Wallace appeal the trial court's grant of summary judgment to Wal-Mart Stores, Inc. ("Wal-Mart"), contending that genuine issues of material fact remain. For the reasons set forth below, we affirm.

> On appeal, we review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact. To prevail, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[1]

Viewed most favorably to the plaintiffs, the evidence shows that Mrs. Wallace and her husband visited a Wal-Mart store in Valdosta to purchase some frozen okra and butterbeans. While Mrs. Wallace was walking from the frozen foods section to the produce department, she slipped and fell, breaking her hip and injuring her back. Mrs. Wallace was not looking at the floor and did not notice anything on the floor that might have caused her to fall. She testified in her deposition that she did not notice any employees in the area before her fall.

Mr. Wallace, who had been walking behind his wife, was the first to arrive on the scene, followed by Heather Rountree, a produce department employee, and then Johnny Stephens, co-manager of the store. According to Stephens's deposition testimony, Mr. Wallace stated that his wife "stepped on a grape." Stephens recalled seeing a

---

[1] (Punctuation and footnotes omitted.) *Mayhue v. Middle Ga. Coliseum Auth.*, 253 Ga. App. 471, 472 (559 SE2d 488) (2002).

grape in the area. Stephens filled out an incident report and photographed a mashed grape. According to Stephens, no one saw Mrs. Wallace fall. Rountree and Daren Fleming, another produce department employee, told Stephens that they had "been through the area" 15 to 20 minutes before the fall and did not notice a grape on the floor.

While Mrs. Wallace was in the hospital later that evening, she overheard someone say that she slipped on a grape. Mrs. Wallace did not actually see the grape and did not know how long it had been on the floor. Mr. Wallace testified that just after Stephens arrived on the scene, he noticed a female employee walk over "and put her foot over [a] grape that was laying on the floor. She had her heel down and her toes up, the grape underneath." Mr. Wallace told the unidentified woman to "get her damn foot off that thing." Stephens did not recall anyone putting their foot over the grape, but he recalled Mr. Wallace mentioning that someone was trying to cover up the grape.

Rountree testified in her deposition that she and Fleming were both working in the produce section on the evening in question, and that she was stocking produce by herself in the salad section when she heard someone call for help. Rountree did not notice the grape on the floor until after an ambulance arrived to transport Mrs. Wallace to the hospital. Rountree denied putting her foot over the grape.

Fleming averred that prior to Mrs. Wallace's fall, he and Rountree were in the back of the store loading boxes of bananas onto a rolling cart to take to a display tree located outside of the produce department. Fleming pushed the cart out of the back area of the store while Rountree walked beside him behind the cart. According to Fleming,

> [w]e walked in this position over the area of the floor where Ms. Wallace fell. It took us about three to five minutes to cross the store to the banana tree. It took us approximately five to ten minutes to arrange the bananas on the [display]. We then left the [display] to return to the produce department. I was pushing the cart with the empty boxes. [Rountree] walked ahead of me. As I approached the produce department, I heard a Code White called. I saw Ms. Wallace lying on the ground. She was complaining of her hip area and said she slipped on some grapes. I saw a grape peel smeared on the floor and moisture from the grape on the floor.

As best we can discern from their single enumeration of error, appellants contend that the trial court erred in granting summary judgment to Wal-Mart for two reasons: (1) Rountree's testimony creates questions of fact, and (2) there is no evidence of reasonable inspection procedures. We disagree.

To recover for injuries sustained in a slip and fall, appellants must prove (1) that Wal-Mart had actual or constructive knowledge of the hazard; and (2) that appellants lacked knowledge of the hazard, despite exercising ordinary care, due to actions or conditions within Wal-Mart's control.[2] The crux of this case is whether Wal-Mart had actual or constructive knowledge of the hazard. Since appellants raise the question of reasonable inspection procedures and do not point to any evidence of actual knowledge, we will assume that appellants are attempting to show that Wal-Mart had constructive knowledge of the hazard. Constructive knowledge may be demonstrated in two ways: (1) by showing that a store employee was present in the immediate area and could easily have seen the substance and removed it, or (2) by showing that the substance had been on the floor for such a time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises.[3]

Appellants seem to contend that Fleming's affidavit coupled with Rountree's conflicting testimony proves that Wal-Mart had constructive knowledge. This argument fails for several reasons. First, Rountree's affidavit, though referenced in Wal-Mart's motion for summary judgment, is not included in the record. Accordingly, we are unable to consider any references to it or determine if Rountree's affidavit and deposition testimony are conflicting.[4] Second, Rountree testified in her deposition that she did not notice a grape on the floor until after the ambulance arrived. Third, Mrs. Wallace testified that she did not notice an employee in the immediate area prior to her fall.[5] Fourth, regardless of whether Rountree was stocking produce in the salad section or helping Fleming with the banana display, the evidence shows that neither Rountree nor Fleming was in the immediate area when Mrs. Wallace fell and, therefore, could not have removed the grape before the fall. Wal-Mart's constructive knowledge cannot be established through the testimony of Mrs. Wallace, Rountree, or Fleming.

Moreover, Mr. Wallace's testimony that an unidentified employee tried to cover the grape with her foot after Stephens arrived on

---

[2] See *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

[3] See *Roberson v. Winn-Dixie Atlanta*, 247 Ga. App. 825-826 (544 SE2d 494) (2001).

[4] See *Pabey v. State of Ga.*, 262 Ga. App. 272, 274 (585 SE2d 200) (2003) (matters outside the record cannot be considered). The appellant's reply brief cites the affidavit as being on R. 19. However, that page is part of the defendant's statement of material facts.

[5] But see *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29-30 (1) (500 SE2d 353) (1998) (plaintiff's testimony that store employee was in produce section, should have witnessed her fall, came right to her after the fall, and picked up a green item on which she slipped "supports an inference that the employee could easily have discovered the item had he looked") (citation omitted).

the scene is not enough to raise a genuine issue of material fact, as Wal-Mart does not dispute that Mrs. Wallace slipped on a grape.

Appellants next contend that Wal-Mart had constructive knowledge of the hazard because it failed to employ reasonable inspection procedures. Specifically, appellants contend that the testimony of Rountree and Stephens proves that there is no evidence that employees performed a "zone defense" or inspection of the area on the day of the accident.

> Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident.[6]

With respect to Wal-Mart's inspection procedures, Rountree testified that employees are given a copy of "The Wal-Mart Manual," which requires them to clean and check the floors every hour. Additionally, employees are supposed to inspect and clean the floor

> as you go along, as you work. As you put things up, you are supposed to check the floor. When you go in, you check underneath the tables. If there's apples that rolled underneath the tables, you are supposed to get them. If they are out on wet section, if it's wet, you are supposed to clean it up. If you see one little pea or something, you are supposed to pick it up.

When questioned about who checked the floor and how often, Stephens explained that "[a] zone defense is called usually about every hour, but a zone defense is done continuously. A zone defense is where you're continuously checking your area for any kind of obstructions or paper or anything anybody could get hurt on." According to Stephens, a "zone defense" is called approximately every hour, but employees are trained to look continuously for hazards. Stephens testified that the store did not keep a log of when or how often "zone defenses" were called, but that the produce department "practice[s] zone defense all the time."

Regardless of whether or not a "zone defense" was called on the day of the accident, the unrefuted evidence shows that Rountree and

---

[6] (Citations and footnotes omitted.) *Matthews v. The Varsity*, 248 Ga. App. 512, 513-514 (2) (546 SE2d 878) (2001).

Fleming had "been through the area" 15 to 20 minutes before the fall and did not notice a grape on the floor. "In cases where a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, we have held that the inspection procedure was adequate as a matter of law."[7] Since appellants have failed to establish either actual or constructive knowledge in this case, the trial court did not err in granting summary judgment to Wal-Mart.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 21, 2005.

*J. Converse Bright*, for appellants.
*McLain & Merritt, Albert J. Decusati*, for appellee.

---

[7] *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 471 (1) (b) (522 SE2d 749) (1999), citing *Deloach v. Food Lion*, 228 Ga. App. 393, 394-395 (491 SE2d 845) (1997) (area where plaintiff fell was inspected ten minutes prior to fall, establishing reasonable care as a matter of law); *Jenkins v. Bi-Lo*, 223 Ga. App. 735, 736-737 (479 SE2d 14) (1996) (same); *Super Discount Markets v. Clark*, 213 Ga. App. 132, 133, 134 (443 SE2d 876) (1994) (inspection occurred fifteen to twenty minutes prior to incident). See also *Bolton v. Wal-Mart Stores*, 257 Ga. App. 198 (570 SE2d 643) (2002) (assistant manager was in exact area ten to fifteen minutes before plaintiff slipped and floor was free from any liquid soap or other foreign substance); *Matthews*, supra at 514 (2) (area where plaintiff fell was inspected five minutes prior to fall); *Pickering Corp. v. Goodwin*, 243 Ga. App. 831, 832 (534 SE2d 518) (2000) (security guard had walked through area approximately two minutes before fall and did not notice water on the floor). But see *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629, 632 (3) (b) (493 SE2d 196) (1997) (reversing grant of summary judgment to store where former employee averred that water had been on floor one to two hours before plaintiff slipped).