DOYLE, Chief Judge.
This case arises from the trial court’s order granting summary judgment to a Food Depot grocery store in a slip-and-fall case filed by a shopper, Balinda Johnson, against Food Depot’s parent company, All American Quality Foods, Inc. (“All American”). Johnson appeals, arguing that the trial court erred by granting summary judgment to All American. For the reasons that follow, we reverse.
“Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant.”[1]
So viewed, the record shows that Johnson was shopping in the Food Depot when she slipped in a puddle of liquid from packaged meat. A surveillance camera recorded a view of the area where Johnson fell, and it showed that seven minutes and thirty seconds prior to the fall, Johnson, her friend Lorene Evans, and their children traversed the area of Johnson’s fall. Additionally, immediately prior to her fall, Johnson walked past the area, browsed either side of the aisle for less than one minute, and then walked back the way she had just come, at which point she slipped and fell on her side.
According to the inspection log sheet, an employee named Angelo completed an inspection of the aisle where Johnson fell at 12:01 p.m., approximately 38 minutes prior to the incident. After Johnson’s fall, the manager on duty, Chris Kempton, completed an incident report and discovered a trail of “spots of blood and meat products” in the aisle.
*665 All American moved for summary judgment, contending that it had no actual knowledge of the hazard, it had no constructive knowledge of the hazard and had a reasonable inspection procedure, and Johnson had superior knowledge based on traversing the area at least four times prior to the fall. Johnson responded, arguing that there remained genuine issues of material fact as to when the hazard was created and whether the inspection procedure was reasonable.
After a hearing, the trial court issued an order granting All American’s motion for summary judgment, finding that there was no dispute of material fact as to All American’s lack of constructive knowledge of the spill. Moreover, the trial court found that the inspection was reasonable as a matter of law.
In her sole enumeration of error, Johnson contends that the trial court erred by concluding as a matter of law that All American had established and carried out a reasonable inspection on the day of the accident. Thus, Johnson contends that a factfinder could infer that All American had constructive notice of the hazard, and therefore, the trial court erred by granting its summary judgment motion. We agree.
As an initial matter, we note that Johnson traversed the area of her fall twice before slipping in the substance during her third crossing. This, however, does not support a finding on summary judgment that Johnson knew or should have known about the spill as a matter of law.[2] That said,
[All American] is liable for injuries caused by its failure to exercise ordinary care in keeping the premises and approaches safe. Thus, [All American] was required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has superior knowledge. In a premises liability action, the plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant’s actions or to conditions under the defendant’s control. Thus, to carry its initial burden and to survive a motion for summary judg *666 ment, a plaintiff must provide evidence that, when construed in his or her favor, would enable a rational trier of fact to find that the defendant had actual or constructive knowledge of the hazard.[3]
We agree with the trial court, and Johnson does not contend, that All American did not have actual knowledge of the hazard. Thus,
[t]o establish constructive knowledge, [Johnson] must show that (1) a store employee was in the immediate area of the hazard and could have easily seen the substance or (2) the foreign substance remained long enough that ordinary diligence by the store employees should have discovered it. Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident. In addition, to withstand a motion for summary judgment, the plaintiff need not show how long the hazard had been present unless the owner has demonstrated its inspection procedures.[4]
Here, there is evidence that All American had an inspection procedure that called for inspections every hour, which allegedly occurred approximately 38 minutes prior to Johnson’s fall. And although a time-stamped list of inspections supposedly performed that day was appended to Kempton’s affidavit, the record shows that Kempton himself did not perform the inspections and thus could not swear that they were performed as noted on the printout.[5] But pretermitting whether the printout and Kempton’s affidavit were sufficient to support the grant of summary judgment, this Court has found that questions of fact exist based on the reasonableness of an inspection procedure even if the inspection occurred as little as 15 minutes to 20 minutes prior to a fall.[6] “The nature of a supermarket’s . . . business *667 creates conditions which cause slip and falls to occur with some frequency. Under those circumstances, we have held that premises owners have a duty to inspect with greater frequency.”[7] Thus, in this case, the trial court erred by finding as a matter of law that All American’s hourly inspection procedure shielded it from liability, and a jury question exists as to whether All American’s procedure was reasonable.[8] Accordingly, we reverse the trial court’s grant of summary judgment to All American.

Judgment reversed.

Barnes, P. J., McFadden, P. J., Ray and Rickman, JJ., concur. Miller, P. J., concurs fully and specially. Andrews, McMillian and Self, JJ., dissent.

 (Citation and punctuation omitted.) Samuels v. CBOCS, Inc., 319 Ga. App. 421, 422 (742 SE2d 141) (2012), quoting Home Builders Assn. of Savannah v. Chatham County, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

 See Food Lion v. Walker, 290 Ga. App. 574, 577-578 (3) (660 SE2d 426) (2008); McCoy v. Winn Dixie Stores, 238 Ga. App. 543, 544 (519 SE2d 689) (1999) (holding that a question of fact exists as to whether plaintiff should have seen a puddle — a non- static hazard — prior to a fall). See also Wiley v. Liberty Southern, 243 Ga. App. 110, 111-112 (532 SE2d 456) (2000) (“At its root, the issue ... is whether taking into account all the circumstances existing at the time and place of [the plaintiff’s] fall, [the plaintiff] exercised the prudence the ordinarily careful person would use in a like situation.”) (punctuation omitted), quoting Robinson v. Kroger Co., 268 Ga. 735 (493 SE2d 403) (1997).

 (Citations and punctuation omitted.) Samuels, 319 Ga. App. at 423, quoting American Multi-Cinema v. Brown, 285 Ga. 442, 444(2) (679 SE2d 25) (2009); Robinson, 268 Ga. at 740 (1).

 (Citation and punctuation omitted.) Walker, 290 Ga. App. at 576 (1).

 See Davis v. Bruno’s Supermarkets, 263 Ga. App. 147, 149-150 (1) (587 SE2d 279) (2003).

 See Burnett v. Ingles Mkts., 236 Ga. App. 865, 867-868 (514 SE2d 65) (1999); Jones v. Krystal Co., 231 Ga. App. 102, 103-104 (b) (498 SE2d 565) (1998). See also Davis, 263 Ga. App. at 150 (2) (holding that “an inspection may be required more frequently than every 30 minutes”).

 (Punctuation omitted.) Walker, 290 Ga. App. at 576 (1).

 See id. at 576-577 (1).