**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 5, 2020**

# In the Court of Appeals of Georgia

A20A1453. INGLES MARKETS, INC. v. SEYMOUR.

RICKMAN, Judge.

Following a slip and fall at an Ingles Market, Virgil F. Seymour filed suit against Ingles Markets, Inc. for injuries he sustained. Ingles moved for summary judgment, which the trial court denied. On appeal Ingles contends that the trial court erred by denying its motion for summary judgment. For the following reasons, we affirm.[1]

> Summary judgment is proper when there is no genuine issue of material
> fact and the movant is entitled to judgment as a matter of law. OCGA §

---

[1] We have circulated this decision amongst all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required numbers of judges, however, voted in favor of considering this case en banc on the question of disapproving of *Williams v. Sing Bros.,* 226 Ga. App. 657, 657 (1) (487 SE2d 445) (1997).

9–11–56(c). A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation and punctuation omitted.) *McCoy v. Winn Dixie Stores, Inc.*, 238 Ga. App. 543, 543 (519 SE2d 689) (1999).

So viewed, the record shows that on the day in question, Seymour was at Ingles grocery shopping with his son. When standing in line waiting to check out, he decided to walk to a nearby garbage can to throw away his grocery list. After throwing away the list, he turned around and walked along the same path to get back in line. As he did so, he slipped and fell on a clear liquid on the floor.

Seymour's fall was captured by a store video camera. Seymour averred that from the store video, it appeared that the substance was clear chicken grease that had spilled from a rotisserie chicken container an Ingles employee had placed in a grocery cart approximately 27 minutes before his fall.

Seymour filed a premises liability action against Ingles. Ingles moved for summary judgment on the ground that Seymour was presumed to have knowledge of the substance on the floor because he had traversed the area a short time before he fell. The trial court denied Ingles's motion upon concluding that there was evidence

2

from which a jury could determine that Seymour was unaware of the hazard and that the hazard was not easily discernable. The trial court granted a certification of immediate review and this Court granted Ingles' application for interlocutory review.

In three enumerated errors Ingles contends that the trial court erred by denying its motion for summary judgment. Specifically, Ingles argues that the trial court erred by finding that the prior traversal presumption did not apply to this case and that the substance on the floor was not easily discernible.

In Georgia,

> in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

(Punctuation omitted.) *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (493 SE2d 403) (1997). "In order to show that the plaintiff was negligent, a defendant must show that the plaintiff intentionally and unreasonably exposed [himself] to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." (Citation and punctuation omitted.) *McCoy*, 238 Ga. App. at 544. "In slip-and-fall actions, summary judgment is appropriate only in plain, palpable, and undisputed cases." Id.

3

Under the prior traversal presumption,

> when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. In cases where this rule has been applied, however, the defect causing the fall invariably has been a static condition readily discernible to a person exercising reasonable care for his own safety.

(Citation and punctuation omitted.) *McCoy*, 238 Ga. App. at 544.[2] However, "[a] presumption relating to slip-and-fall plaintiffs who re-encounter static, readily discernible conditions has no application under the facts of this case." Id; see *Martin v. Dunwoody-Shallowford Partners L. P.*, 217 Ga. App. 559, 561 (2) (b) (458 SE2d 388) (1995) ("In cases where this [prior-traversal presumption] rule has been applied . . . the defect causing the fall invariably has been a static condition readily discernible to a person exercising reasonable care for his own safety, a factual circumstance not necessarily present in this case.")[3]

---

[2] "A static defect is one that is not inherently dangerous or likely to cause injury until one drives or falls into it or trips over it." *Bartlett v. McDonough Bedding Co.*, 313 Ga. App. 657, 659 n. 3 (722 SE2d 380) (2012).

[3] Relying on *Williams v. Sing Bros.,* 226 Ga. App. 657, 657 (1) (487 SE2d 445) (1997), Ingles argues that the sole determinate factor in this case was that Seymour had safely traversed the same area prior to his fall and that Seymour's actual subjective knowledge of the hazard was immaterial. *Williams* employs the pre-

4

Seymour averred that the grease on which he slipped was clear and that, although he was looking where he was going, he "never discerned or saw the clear grease on the floor prior to [his] fall."[4] An Ingles employee deposed that he cleaned up the spill after Seymour fell and agreed that it was very difficult to see the substance on the floor. When asked if the substance was readily visible or discernable, the Ingles employee replied, "No[.]"

---

*Robinson* rule that to avoid summary judgment, "[plantiff] had to show: (1) that [defendant] had actual or constructive knowledge of the foreign substance, and (2) that [plantiff] was without knowledge of it or for some reason attributable to [defendant] was prevented from discovering the foreign substance." *Williams*, 226 Ga. App. at 657 (1). Because *Williams* was decided prior to *Robinson* and does not apply the proper standard as pronounced in *Robinson*, it is hereby disapproved.

[4] Ingles contends that the only allegation that the liquid was not readily discernable was Seymour's self-serving affidavit in which he averred that the floor was polished and had a shiny appearance and that the glare caused by the overhead lighting camouflaged the clear grease and obscured his ability to see. In his deposition, Seymour testified that he was not distracted while walking to the trash can or retracing his steps. Ingles argues that these statements by Seymour are self-contradictory, and that only the version most unfavorable to him should be considered. Seymour's observation of the floor's appearance as he opined why the liquid was not noticeable, however, does not directly contradict his statement that he was not distracted while walking to the trash can and back. See *Cornelius v. Hutto*, 252 Ga. App. 879, 882 (1) (558 SE2d 36) (2001) (recognizing that " to contradict" means "to assert the contrary" and holding that testimony that simply provided more information was not contradictory.) Nevertheless, Seymour's testimony was not the only evidence that the substance on the floor was not readily discernable; Ingles's employee also provided evidence that it was difficult to see.

"At its root, the issue in this case is whether, taking into account all the circumstances existing at the time and place of [Seymour's] fall, [Seymour] exercised the prudence the ordinarily careful person would use in a like situation." (Citation and punctuation omitted.) *McCoy*, 238 Ga. App. at 544. "Because the facts in this case are far from being plain, palpable, and undisputed, this issue is one a jury must resolve." Id. Accordingly, the trial court did not err in denying summary judgment. See *Wiley v. Liberty Southern*, 243 Ga. App. 110, 111 (532 SE2d 456) (2000) (holding that the trial court erred by granting summary judgment to a motel after the plaintiff fell on a wet spot on the floor because "[t]he evidence . . . did not establish a static condition readily discernible by the plaintiff."); *McCoy*, 238 Ga. App. at 544 ("In this case, the evidence does not support a finding on summary judgment that the puddle was or should have been readily discernible to [plaintiff] prior to his fall.").

*Judgment affirmed. Dillard, P. J., and Brown, J., concur.*